# EXHIBIT A

| CASE NO. | SUMMONS NO. |
|---|---|
| CV18902490 | D1 FX | 36243325 |

Rule 4 (B) Ohio

Rules of Civil Procedure

MICHELLE FORST **PLAINTIFF**
VS
AMERICAN GREETINGS CORPORATION **DEFENDANT**

# SUMMONS

AMERICAN GREETINGS CORPORATION
C/O ITS STATUTORY AGENT CORPORATION SERVICE COMPANY
50 WEST BROAD STREET
SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

CHRISTOPHER M DEVITO
623 WEST ST. CLAIR AVE.

CLEVELAND, OH 44113-1204

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT | By _____ |
|---|---|
| Aug 22, 2018 | Deputy |

COMPLAINT FILED    08/21/2018

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**August 21, 2018 11:16**

By: CHRISTOPHER M. DEVITO 0047118

Confirmation Nbr. 1472469

MICHELLE FORST                             CV 18 902490

   vs.
                                          **Judge:** PETER J. CORRIGAN

AMERICAN GREETINGS CORPORATION

**Pages Filed:** 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MICHELLE FORST<br>2550 Detroit Avenue, Apt. 320<br>Cleveland, Ohio 44113<br><br>   Plaintiff<br> v.<br><br>AMERICAN GREETINGS CORPORATION<br>c/o Its Statutory Agent<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Michelle Forst ("Forst"), through undersigned counsel Morganstern, MacAdams & DeVito Co., L.P.A., sets forth her complaint against Defendant American Greetings Corporation ("AG") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michelle Forst ("Forst") is an Ohio citizen and resident of Cuyahoga County.

2. Defendant American Greetings Corporation ("AG") is an Ohio for-profit corporation conducting business throughout the United States, within the State of Ohio, and has its principal place of business and resides in Cuyahoga County.

3. Forst was an employee and employed by AG until the time of her termination by AG in March of 2018.

4. Jurisdiction is appropriate in the State of Ohio because all the parties are Ohio residents and the employment relationship giving rise to this dispute and claims occurred in Ohio.

5. Venue is proper in Cuyahoga County, Ohio because the residence of the Defendant AG and the acts giving rise to Forst's injuries and damages are all within Cuyahoga County.

## FACTS APPLICABLE TO ALL CLAIMS

6. Forst is an "employee" within the meaning of Ohio Revised Code ("R.C.") Chapter 4112.

7. AG is a "person," "individual," and an "employer" as defined and used in R.C. Chapter 4221, a remedial civil rights statute.

8. At all relevant times hereto, Forst was over the age of forty (40) and a female.

9. Forst was first hired by AG as a designer in August of 1990.

10. Forst worked at AG from August 1990 through September 1996, when she voluntarily left for other employment, after rising to the level of an Art Director responsible for approximately twelve (12) other employees at AG.

11. In April of 1998, AG again hired Forst as an Art and/or Design Director to supervise employees.

12. From April 1998 through March 16, 2018, Forst was continuously employed by AG, and immediately before she was terminated, Forst held the title of Senior Program Director.

13. At all relevant times, Forst was qualified for the positions in which was employed, for which she applied, and for which she was considered and employed.

14. At all relevant times hereto, Forst successfully performed the duties and responsibilities of her various positions at AG.

15. During the majority of Forst's employment with AG, she had always received good performance reviews by her supervisors.

16. Because Forst was a high level employee at AG and received good performance reviews, she regularly received bonuses in addition to her base salary and benefits.

17. In April of 2017, Forst's direct supervisor, a male Mr. Peter Durbin ("Durbin"), gave Forst a "below target" performance review, which is the first negative performance review that she can remember.

18. Durbin had been a former colleague and an equivalent level employee to Forst immediately before he became her supervisor on or about 2012.

19. After Durbin became Forst's superior, he constantly criticized Forst for making too much money and not doing enough work, although both statements were false.

20. Forst sent emails and then met with the Human Resources Department ("HR") at AG regarding Durbin's harassment, bullying, and animosity towards Forst in September of 2017.

21. On October 3, 2017, immediately after Forst's complaint to HR of AG and six months after her first below target review, Durbin placed Forst on a Performance Improvement Plan ("PIP").

22. Durbin's delay of placing Forst on the PIP in October 2017 violated AG's policies and procedures of instituting PIP immediately after a below target performance review, if one was going to be instituted.

23. Forst questioned Durbin why he delayed in placing her on a PIP, but he never explained or gave a reasonable explanation to her.

24. Forst's activity of complaining to AG about Durbin's personal animosity, bullying, and harassment is a protected activity within the meaning of R.C. Chapter 4112.

25. AG was aware of Forst's protected activity because it was made through the Human Resources Department at AG.

26. Despite Forst's complaint to AG about Durbin, he continued to exhibit hostile actions towards Forst, as her male superior, through oral statements and then below target performance reviews without any reasonable basis to do so.

27. Durbin also made improper and negative statements to Forst about her coworkers and that she should not trust her peers and coworkers.

28. Forst believes that Durbin made similar improper and negative statements about Forst to her coworkers and peers, just as Durbin had done to her about her coworkers and peers.

29. In early March of 2018, Forst sought medical attention with a psychiatrist to evaluate her medications because of the stress she was under at work and her personal life.

30. At the recommendation of the doctor, Forst filled out a Family Medical Leave Act ("FMLA") request with AG's third-party administrator ("TPA") Matrix to obtain the proper approval and give notice to AG of needed time off work due to her medical condition.

31. AG sent a letter dated March 12, 2018, confirming Forst's FMLA would be starting on March 12, 2018, and that she was entitled to up to twelve (12) weeks of available time off work from AG through FMLA.

32. The communications between Forst, AG, and Matrix are confidential health records and should not be disseminated to any third party or co-workers, without prior consent.

33. Pursuant to the Performance Improvement Plan ("PIP") constructed by Durbin, there was to be review of Forst at 3:00 p.m. on March 16, 2018.

34. Forst had completed many of the excessive demands and requests under the PIP established by Durbin, even though they were far greater than the policies and procedures of a normal PIP at AG, which are set forth on the PIP form.

35. Although Forst's meeting with Durbin was not scheduled until 3:00 p.m. on March 16, 2018, she was called to his office at 9:00 a.m.

36. Durbin said that Forst had not made progress, even though he did not review the PIP work prepared and did not see the presentation she was planning to give at 3:00 p.m. on that date.

37. Also in attendance at the meeting was Mr. M. Mueller ("Mueller") who is the supervisor

and superior to Durbin at AG.

38. At the impromptu morning meeting on March 16, 2018, AG terminated Forst's employment, through Mueller, and then she was immediately escorted out of AG's building.

39. Forst was not validly terminated for any reason related to her actual performance, but on a pretextual basis and through an improper and Draconian PIP imposed upon her by Durbin.

40. Forst was also not terminated for any reason related to non-compliance with AG's policies and procedures.

41. Forst was terminated because she was a highly compensated and older female employee that AG wanted to replace with a younger and less expensive employee.

42. AG may not retain, hire, transfer, and promote substantially younger individuals and/or male employees into which open positions Forst was qualified and which were available.

**COUNT ONE – Violation of R.C. Chapter 4112**

43. Forst reincorporates by reference all the above paragraphs.

44. AG unlawfully discriminated against Forst because of her age, sex, and protected conduct, with respect to the terms and conditions of her employment, including, but not limited to, unfairly and discriminatively scrutinizing and evaluating her work; subjecting her to false and discriminatory performance assessments and criticisms; deviating from established performance improvement plan procedures, policies, and practices; refusing to investigate her work-related complaints regarding her male supervisor involving harassment and bullying; imposing disparate and discriminatory standards and measures of performance and behavior; retaliatory actions of placing Forst on a performance improvement plan after complaining about bullying and harassment by her direct

supervisor Durbin; discriminatory and excessive requirements in the performance improvement plan beyond the stated policies and procedures; disregarding her approved status for FMLA; discriminatory treatment because she was an older female employee; and terminating her from employment at AG without good cause.

45. As a direct and proximate result of AG's unlawful conduct, Forst suffered and will continue to suffer economic and non-economic damages, including, but not limited to, back pay, front pay, past and future economic losses, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

46. AG's unlawful actions against Forst in violation of R.C. Chapter 4112 were willful, reckless, and/or malicious, and render AG liable for past and future economic and non-economic compensatory and punitive damages pursuant to R.C. 4122.99, as well as attorney fees, expert fees, costs, and any equitable relief this Court deems just and appropriate.

## COUNT TWO – Infliction of Emotional Distress

47. Plaintiff realleges and reavers each and every allegation set forth above.

48. All or part of the acts of AG were done willfully, maliciously, outrageously, deliberately and with the purpose to inflict emotional distress upon Forst and/or were done in reckless disregard of the probability of causing her emotional distress, and these acts did result in severe and extreme emotional distress.

49. As a direct and proximate result of AG's actions and/or omissions, Forst was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety.

50. Forst should be granted compensatory and punitive damages because AG acted with reckless disregard of federal and state laws.

## COUNT THREE – Retaliatory Discharge

51. Plaintiff realleges and reavers each and every allegation set forth above.

52. AG's discharge of Forst, through Durbin and Mueller, was retaliatory and a violation of remedial Ohio and federal laws and public policy that protect employees for requesting FMLA and for reporting improper conduct by superiors based on gender and age.

53. All or part of the acts of AG were done willfully, maliciously, outrageously, deliberately and/or were done in reckless disregard of the probability of causing her emotional distress and financial harm, and these acts did result in severe and extreme emotional distress and economic harm to Forst.

54. As a direct and proximate result of AG's actions and/or omissions, Forst was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, and the loss of her sole income for living.

55. Forst should be granted compensatory and punitive damages because AG acted with reckless disregard of federal and state laws.

## PRAYER FOR RELIEF

Plaintiff Michelle Forst seeks an amount in excess of $250,000.00 to fully, fairly, and justly compensate her for injuries, damages, and losses, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, liquidated damages, interest, attorney fees, all litigation expenses and costs, expert witness fees, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement, and promotion.

Respectfully submitted,

*/s/ Christopher M. DeVito*

Christopher M. DeVito (0047118)
**Morganstern, MacAdams & DeVito Co., L.P.A.**
623 West Saint Clair Avenue
Cleveland, Ohio 44113-1204
216-687-1212 – Office
216-621-2951 – Facsimile
ChrisMDeVito@gmail.com

*Attorney for Plaintiff Michelle Forst*

### JURY DEMAND

Pursuant to Ohio Rules of Civil Procedure 38, a trial by jury with the maximum number of jurors permitted under Ohio law is hereby requested on all issues triable to a jury.

Respectfully submitted,

*/s/ Christopher M. DeVito*

Christopher M. DeVito

### INSTRUCTIONS FOR SERVICE

The Plaintiff hereby requests and instructs the Clerk of Court of Cuyahoga County, pursuant to Civil Rule 4, to serve via Federal Express the enclosed **Complaint (Jury Demand Endorsed Hereon)** upon the Defendant at the following address:

American Greetings Corporation
c/o Its Statutory Agent
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

Respectfully submitted,

*/s/ Christopher M. DeVito*

Christopher M. DeVito

L:\CLIENTS-CMD\Forst,Michelle\2018.08.21_Complaint.docx



August 25, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **782419709792**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | D.DEANNE | **Delivery location:** | 50 W BROAD ST 1330 COLUMBUS, OH 43215 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Aug 24, 2018 08:54 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 782419709792 | **Ship date:** | Aug 22, 2018 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
AMERICAN GREETINGS CORPORATION
C/O ITS STATUTORY AGENT CORPORATION
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215 US
**Reference**
**Invoice number**

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

CV18902490
36243325

Thank you for choosing FedEx.

CV18902490 / 36243325 / AMERICAN GREETINGS CORPORATION / 2018-8-25 05:22